■ In the Matter of Mario J. Mennella, Petitioner, v. Waterfront Commission of New York Harbor, Respondent.— This is a proceeding to review two determinations of respondent. In a determination, dated January 29, 1970, the commission denied the petitioner's hiring agent application for committing fraud at a commission interview under oath, and for failure to possess the required good character and integrity because of such misconduct. In a determination, dated December 17, 1970, the commission denied the peti-

tioner's longshoreman application with leave to reapply in 60 days based on the findings of a hiring violation and fraud made in its previous determination, dated January 29, 1970, on petitioner's hiring agent application. Petition granted to the extent that the provisions in the determination, dated December 17, 1970, granting petitioner leave to reapply for a longshoreman's license in 60 days is changed so as to provide that he may reapply forthwith. In all other respects, said application is denied; the determination, dated January 29, 1970, is confirmed, and the determination, dated December 17, 1970, is confirmed as herein modified. No costs are awarded to either party. Although we find that the punishment imposed on petitioner which denied his hiring agent and longshoreman applications was reasonable, we find also that the imposition of a 60-day waiting period before which petitioner could not reapply for a longshoreman's license was improper and an abuse of discretion. Rabin, P. J., Hopkins, Gulotta and Brennan, JJ., concur; Munder, J., concurs in part and dissents in part with the following memorandum: I join in confirming the order, dated January 29, 1970, but dissent from any modification of the order, dated December 17, 1970, and vote to confirm said order without modification. There is no question here that the findings of the Waterfront Commission that petitioner committed a violation of its regulations governing hiring agents and committed fraud (perjury) at a commission hearing were supported by substantial evidence. I differ with my colleagues on the issue of whether the second element of the penalty imposed as a result of those findings, namely, that petitioner's longshoreman application be denied with leave to reapply in 60 days (the first element was outright denial of his hiring agent application) was excessive. I think not. The test is whether the commission abused its discretion or, as one court stated, whether the "punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364, CPLR 7803, subd. 3). Using this test, and keeping in mind that courts should strongly resist the urge to substitute their judgment for that of the administrative body, I think we should not eliminate the 60-day period before petitioner can reapply.